# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 11-433V
Filed: November 13, 2015
Not for Publication

*************************************
STEPHANIE JONES and MICHAEL       *
JONES, as Parents and Legal       *
Representatives of Their Minor Son, J.J., *
                                  *       Damages decision based on
                                  *       stipulation; diphtheria-tetanus-
         Petitioners,             *       acellular pertussis ("Tdap")
                                  *       vaccine; hepatitis B vaccine;
v.                                *       inactivated polio virus vaccine;
                                  *       pneumococcal conjugate vaccine;
SECRETARY OF HEALTH               *       rotavirus vaccine
AND HUMAN SERVICES,               *
                                  *
         Respondent.              *
                                  *
*************************************

Ramon Rodriguez, III, Richmond, VA for petitioners.
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On November 13, 2015, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.

On July 1, 2011, petitioners filed a petition on behalf of their son J.J. for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act"). Petitioners allege that J.J. suffered intussusception as a result of his receipt of the diphtheria-tetanus-acellular pertussis ("Tdap"), hepatitis B, inactivated polio

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

virus, pneumococcal conjugate, and rotavirus vaccines on July 10, 2008. Respondent denies that these vaccines caused J.J.'s intussusception or any other injury or condition. Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards:

a. a lump sum of **$10,000.00** in the form of a check payable to petitioners as guardians/conservators of the estate of J.J., for the benefit of J.J. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

b. a lump sum of **$11,451.81**, representing reimbursement of a lien for services rendered on behalf of J.J. The award shall be in the form of a check for **$11,451.81** made payable jointly to petitioners and

>First Recovery Group, LLC
>Attn: Nameer Kajy
>26899 Northwestern Hwy
>Suite 250
>Southfield, MI 48033
>FRG's File No.: 283422-113011

Petitioners agree to endorse this check to the appropriate State agency.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 13, 2015              s/ Laura D. Millman
                                       Laura D. Millman
                                       Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STEPHANIE JONES and MICHAEL JONES, as parents and legal representatives of their minor son, J.J., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 11-433V <br> Special Master Millman <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Stephanie and Michael Jones ("petitioners"), on behalf of their son, J.J., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.J.'s receipt of diphtheria-tetanus-acellular pertussis, hepatitis B, inactivated polio virus, pneumococcal conjugate, and rotavirus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. J.J. received the vaccines on or about July 10, 2008.

3. The vaccines were administered within the United States.

4. Petitioners allege that J.J. suffered intussusception as a result of the vaccines and that he experienced the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of J.J. as a result of his condition.

1

6. Respondent denies that the vaccines caused J.J.'s intussusception or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of **$10,000.00** in the form of a check payable to petitioners as guardians/conservators of the estate of J.J., for the benefit of J.J. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph 8.b; and

   b. A lump sum of **$11,451.81**, which amount represents reimbursement of a lien for services rendered on behalf of J.J., in the form of a check payable jointly to petitioners and
   
   First Recovery Group, LLC
   Attn: Nameer Kajy
   26899 Northwestern Hwy
   Suite 250
   Southfield, MI 48033
   FRG's File No.: 283422-113011

Petitioners agree to endorse this payment to the appropriate State agency.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of J.J. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of J.J.'s estate under the laws of the State of Michigan.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of J.J., on behalf of themselves, J.J., and J.J.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

3

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.J. resulting from, or alleged to have resulted from, the vaccinations administered on July 10, 2008, as alleged by petitioners in a petition for vaccine compensation filed on or about July 1, 2011, in the United States Court of Federal Claims as petition No. 11-433V.

15. If J.J. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused J.J. to suffer intussusception, or any other injury or condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of J.J.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

*[signature]*
STEPHANIE JONES

*[signature]*
MICHAEL JONES

ATTORNEY OF RECORD FOR
PETITIONERS:

*[signature]*
RAMON RODRIGUEZ III, M.D.
Rawl, McNelis & Mitchell, P.C.
1111 E. Main Street, Suite 1701
Richmond, VA 23219
(804) 782-0608

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

DATED: November 13, 2015

6