# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 11-433V
Filed: August 17, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| STEPHANIE JONES and MICHAEL JONES, as Parents and Legal Representatives of their Minor Son, J.J., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Attorneys' fees and costs decision; reasonable attorneys' fees and costs; reasonable hourly rate |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Ramon Rodriguez, III</u>, Richmond, VA, for petitioners.
<u>Jennifer L. Reynaud</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' COSTS[1]

On July 1, 2011, petitioners filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioners alleged that their son, J.J. suffered intussusception as a result of his receipt of diphtheria-tetanus-acellular pertussis, hepatitis B, inactivated polio virus, pneumococcal conjugate, and rotavirus vaccines on July 10, 2008. On December 7, 2015, the undersigned issued decision awarding damages pursuant to the parties' stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

After being granted several extensions of time, petitioners filed a motion for attorneys' fees and costs on February 21, 2017, requesting attorneys' fees and costs in the amount of $71,953.43 and personal costs of $302.88, for a total request of $72,256.31.

On March 14, 2017, respondent filed a response to petitioners' motion explaining that he is satisfied this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. Petitioners did not file a reply to respondent's response.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications."). However, as the Federal Circuit noted, these fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. Id. at 1520.

Based on her experience and review of the billing records submitted by petitioners, the undersigned finds that the amount of time expended by petitioners' attorney is reasonable. However, she finds that the hourly rate requested by petitioners' counsel is too high. Petitioners' request the following amount for Mr. Rodriguez's work on their case:

2009: 2.8 hours at a rate of $300.00 for a total of $840
2011: 28.2 hours at a rate of $323.00 for a total of $9,108.60
2012: 19.2 hours at a rate of $335.00 for a total of $6,432.00
2013: 10.70 hours at a rate of $348.00 for a total of $3,723.60
2014: 11.8 hours at a rate of $361.00 for a total of $4,259.80
2015: 17.5 hours at a rate of $375.00 for a total of $6,562.50
2016: 5.4 hours at a rate of $389.00 for a total of $2,100.60
2017: 11.8 hours at a rate of $403.00 for a total of $4,755.40
**For a grand total of**: $37,782.50

In Zdroik, Chief Special Master Dorsey found that Mr. Rodriguez's requested hourly rates of $389.00 for 2016, $375.00 for 2015, and $361.00 for 2014 were too high because they exceeded the "hourly rate of an attorney with [Mr. Rodriguez's] experience and qualifications." Zdroik v. Sec'y of HHS, No. 15-468V, 2017 WL 767852, at *1 (Fed. Cl. Spec. Mstr. Feb. 3, 2017). The undersigned agrees with Chief Special Master Dorsey's finding that Mr. Rodriguez should be awarded hourly rates of $375.00 in 2016, $361.00 in 2015, and $347.00 in 2014. Therefore, the undersigned finds it is appropriate to award the following hourly rates to petitioners for Mr. Rodriguez's work on the case:

    2009: 2.8 hours at a rate of $288.00 for a total of $806.40
    2011:  28.2 hours at a rate of $310.00 for a total of $8,742.00
    2012: 19.2 hours at a rate of $322.00 for a total of $6,182.40
    2013: 10.70 hours at a rate of $334.00 for a total of $3,573.80
    2014: 11.8 hours at a rate of $347.00 for a total of $4,094.60
    2015: 17.5 hours at a rate of $361.00 for a total of $6,317.50
    2016: 5.4 hours at a rate of $375.00 for a total of $2,025.00
    2017: 11.8 hours at a rate of $389.00 for a total of $4,590.20
    **For a grand total of**: 36,331.90

    The undersigned calculated the hourly rates for 2009 to 2013 and 2017 using the inflation rate of 3.7% utilized in McCulloch.  McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 564323, at *16 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

    The undersigned **GRANTS** petitioners' Motion for Attorneys' Fees and Costs. However, for the reasons provided above, the undersigned reduces petitioners' attorneys' fees and costs award by $1,450.60.  **Accordingly, the court awards:**

    a. **$70,502.83**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioners and Rawls Law Group, P.C. in the amount of **$70,502.83**; and

    b. **$302.88**, representing petitioners' costs.  The award shall be in the form of a check made payable to petitioners for **$302.88**.

    In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>August 17, 2017</u>　　　　　　　　　　　　　　s/ Laura D. Millman
　　　　　　　　　　　　　　　　　　　　　　　　　　Laura D. Millman
　　　　　　　　　　　　　　　　　　　　　　　　　　Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.